1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCEast@HubsLaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRENDA PICKERN,

     Plaintiff,

     vs.

WALGREEN CO. dba
WALGREENS #10693;
FALMOUTH APARTMENTS, LLC,

     Defendants.

No.

**Plaintiff's Complaint**

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

I. SUMMARY

1.    This is a civil rights action by plaintiff Brenda Pickern ("Pickern") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Walgreens #10693
6819 Watt Avenue
North Highlands, CA 95660
(referred to hereinafter as "the Store")

2.    Pickern seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Walgreen Co. dba Walgreens #10693; and, Falmouth Apartments, LLC (hereinafter collectively referred to as "Walgreens").

II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Pickern's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

IV. PARTIES

7.    Walgreens owns, operates, and/or leases the Store, and consists of a person (or persons), firm, and/or corporation.

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

Page 2

8.    Pickern suffers from spinal cerebellar ataxia, blood clots in the femoral vein of her right leg, and a subarachnoid hematoma in her brain. She also suffers from epilepsy seizure disorder, is legally blind and lacks the ability to speak clearly or swallow. Pickern uses an electric wheelchair and mobility equipped van when traveling in public. Consequently, Pickern is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Pickern visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Pickern, the barriers at the Store included, but are not limited to, the following:

- The signage at the van accessible parking space is incorrect, thus making it difficult for Pickern to determine which spaces are intended for and will accommodate vans;

- The signage at the disabled parking spaces is mounted too low, thus making it difficult for Pickern – as well as other drivers – to determine which spaces are intended for the sole use of the disabled;

- The access aisle is not painted with the correct color, making it difficult for drivers to determine that this is a no parking area and thus preventing Pickern from having a space to unload/transfer from a vehicle;

- The disposable seat cover dispenser is mounted too high, thus making it difficult for Pickern to reach and use;

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

- The water closet obstructs the clear space required to access the disposable seat cover dispenser, thus making the dispenser difficult for Pickern to reach and use;
- The toilet tissue dispenser is mounted too high, thus making it difficult for Pickern to reach and use;
- The pipes beneath the lavatories are incompletely wrapped, thus causing Pickern to risk burning her legs when washing her hands; and,
- The soap dispenser is mounted too high, thus making it difficult for Pickern to reach and use.

These barriers prevented Pickern from enjoying full and equal access.

11. Pickern was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Pickern also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Pickern is seeking to remove barriers unrelated to her disability.

13. Walgreens knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Walgreens has the financial resources to remove these barriers from Walgreens (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Walgreens refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

14.    At all relevant times, Walgreens has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Walgreens has not removed such impediments and has not modified the Store to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15.    Pickern incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17.    Walgreens discriminated against Pickern by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20.    Here, Pickern alleges that Walgreens can easily remove the architectural barriers at Store without much difficulty or expense, and that Walgreens violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21.    In the alternative, if it was not "readily achievable" for Walgreens to remove the Store's barriers, then Walgreens violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

22.    On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24.    Here, Walgreens violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Pickern—when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

25.    On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

---

[1]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

26.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27.     Here, Walgreens altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Pickern—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

28.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29.     Here, Walgreens violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30.     Pickern seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31.     Pickern also seeks a finding from this Court (*i.e.,* declaratory relief) that Walgreens violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VII. SECOND CLAIM

### Disabled Persons Act

32.     Pickern incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36.     Here, Walgreens discriminated against the physically disabled public—including Pickern—by denying them full and equal access to the Store. Walgreens also violated Pickern's rights under the ADA, and, therefore, infringed upon or violated (or both) Pickern's rights under the Disabled Persons Act.

37.     For each offense of the Disabled Persons Act, Pickern seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38.     She also seeks to enjoin Walgreens from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint

Page 8

# VIII. THIRD CLAIM

## Unruh Civil Rights Act

39.     Pickern incorporates the allegations contained in paragraphs 1 through 30 for this claim.

40.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

41.     California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43.     Walgreens' aforementioned acts and omissions denied the physically disabled public—including Pickern—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Pickern by violating the Unruh Act.

45.     Pickern was damaged by Walgreens' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

46.     Pickern also seeks to enjoin Walgreens from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47.    Pickern incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50.    Pickern alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

51.    Walgreens' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Pickern and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

X. PRAYER FOR RELIEF

WHEREFORE, Pickern prays judgment against Walgreens for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Walgreens violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.


DATED: July 31, 2014              DISABLED ADVOCACY GROUP, APLC


                                  _/s/ Scottlynn J Hubbard IV_
                                  SCOTTLYNN J HUBBARD IV
                                  Attorney for Plaintiff

---

[2]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Pickern v. Walgreen Co., et al.*
Plaintiff's Complaint